| NAME: | |
|---|---|
| JAMES. E. BETHEA | |

| ADDRESS: |
|---|
| UNITED STATES PENTITENTARY |
| LEWISBURG, PA |

**1 CV-01-0079**
FILED
SCRANTON

JAN 16 2001

PER _____
DEPUTY CLERK

or PLACE OF CONFINEMENT & PRISON NUMBER

04286-000

Note: *If represented by an attorney, his name, address & telephone number*

Note: *It is your responsibility to notify the Clerk of the Court, in writing of any change of address*

## United States District Court

FULL NAME: (Include name under which you were convicted)
Petitioner,

James E. Bethea   vs. Donald Romine

NAME OF WARDEN (or other authorized person having custody of petitioner)

Donald Romine   Respondent.

CASE NO:_____
(To be supplied by the clerk of the United States District Court)

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY
28 U.S.C. § 2241

### INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by the petitioner, under penalty of perjury. You must set-forth *CONCISELY* the answer to each question in the proper space on the form. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this except that *ONE* separate additional page is permitted in answering Question No. 9.

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

Page # 1 of 9

Upon receipt of a fee of $5.00, you petition will be filed if it is in proper order.

If you are seeking leave to proceed in forma pauperis (without paying the $5.00 fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and cost of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If you prison account exceed $25.00, you must pay the filing fee as required by the rule of the district cour .

When the petition is completed, the *original and two copies* must be mailed to the Clerk of the United States District Court for the

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instruction will be returned with a notation as to the deficiency.

PLEASE COMPLETE THE FOLLOWING: (check appropriate number)

This petition concerns:

1. ☐ a conviction
2. ☐ a sentence
3. ☐ jail or prison conditions
4. ☐ prison discipline
5. ☒ a parole problem
6. ☐ other

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

# PETITION

1. Place of confinement __U.S.P. Lewisburg__

2. Name and location of court which imposed sentence
   __D.C. Superior Court, Wash. D.C.__

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   (a) __F-3827-85B/ F-391-83C__
   (b) _____
   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:
   (a) __3-17-86 . . . . . . 15 1/2 Years__
   (b) _____
   (c) _____

5. Check whether a finding of guilt was made:
   (a) ☒ After a plea of guilty
   (b) ☐ After a plea of not guilty
   (c) ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   (a) ☒ a jury
   (b) ☐ a judge without jury

7. Did you appeal from the judgment of conviction or the imposition of sentence?
   ☐ Yes    ☒ No

8. If you did appeal, give the following information for each appeal:
   (a)(1) Name of Court __N/A__
   (2) Result _____
   (3) Date of Result _____
   (4) Citation or number of opinion _____

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

(5) Grounds Raised *(list each)* _____

    (A) _N/A_____

    (B) _____

    (C) _____

    (D) _____

(b)(1) Name of Court _____

 (2) Result _____

 (3) Date of result _____

 (4) Citation or number opinion _____

 (5) Grounds raised (list each)

    (A) _N/A_____

    (B) _____

    (C) _____

    (D) _____

CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

9. State *CONCISELY* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, attach a SINGLE page only behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional ground at a later date.

(a) Ground One Not having a timely Rescission Hearing

Supporting *FACTS* (tell your story *BRIEFLY* without citing cases or law).

CAUTION: You must state *facts not conclusions* in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time or place.

On May 10, 2000, I recieved a Discinplinary Report for having a dirty urine. It has been eight months and I have not had any kind of hearing from the Parole Board, even though I was in custody all this time. Which is a clear violation of due process. See attachment one.

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

(b)   Ground Two Being held in custody longer than C.F.R. guidelines call for without a Rescission Hearing.

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

Dirty urines call for being in custody for no longer than eight months, as of January 10, 2001, I will have been in custody for eight months, any longer and I will exceed the maximum penalty. Thru no fault of mine, I am being illegally and would like immediate release because of failure of Parole Board to give me a timely hearing.

(c)   Ground Three U.S.P. Lewisburg has denied me acsess to documents relatin to my case.

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

On numerous occaisions, I have Requested the Incident Report along with the D.H.O. report, but I have been denied these requests, Case Management saying that my Institutional File cannot be located. If the Infraction has not been heard by the D.H.O., I cannot be revoked on Parole because there has not been a finding of guilt. There, I, am being held in limbo, how long does the D.H.O. has to act?

(d)   Ground Four Being held illegally.

Supporting *FACTS* (Tell your story *BRIEFLY* without citing cases or law).

By not being seen in a timely fashion, by neither the D.H.O., or the Parole Board, the issues that I am being held on should be defaulted because time constraints. Both entities have violated their own rules and guidelines by not adhering to processes that have been set in place to avoid this very situation.

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

10. Have you ever filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?
☐ Yes  ☒ No

11. If your answer to Question No. 10 was yes, give the following information:

(a)(1) Name of Court _____N/A._____

(2) Nature of proceedings _____

(3) Grounds raised _____

_____

(4) Result _____

(5) Date of Result _____

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.

_____

(b)(1) Name of Court _____N/A._____

(2) Nature of proceedings _____

(3) Grounds raised _____

_____

(4) Result _____

(5) Date of Result _____

(6) Citation or numbers of any written opinions or orders entered pursuant to each disposition.

_____

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention. N/A

_____

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

13.  Are you presently represented by counsel? ☐ Yes  ☒ No

   If so, name, address and telephone number _____

   Case name and court _____

14.  If you are seeking leave to proceed in *forma pauperis*, have you completed the declaration setting forth the required information?

   ☒ Yes   ☐ No,

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___1-4-2001___
                (date)

*James E. Bethea*
*Signature of Petitioner*

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

James E. Bethea - 0428600
(Petitioner)

Donald Romine
(Respondent(s))

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, JAMES E. BETHEA 04286-000 declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceedings or to give any security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes ☒ No

    a. If the answer is yes, states the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    b. If the answer is no, state the date of last employment and the amount of salary and wages per month which you received.

    _____

2. Have you received, within the past twelve months, any money from any of the following sources?

    a. Business, profession, or form of self employment? ☐ Yes ☒ No
    b. Rent payment, interest or dividends? ☐ Yes ☒ No
    c. Pension, annuities or life insurance payments? ☐ Yes ☒ No
    d. Gifts or inheritances? ☐ Yes ☒ No
    e. Any other sources? ☐ Yes ☒ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

    N/A

3. Do you own any cash, or do you have any money in a checking or saving account? (Include any funds in prison accounts)

    If the answer is yes, state the total value of the items owned.

    N/A

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings)? ☐ Yes ☒ No

    If the answer is yes, state the total value of the items owned.

    N/A

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

Page # 8 of 9

5.  List the persons who are dependant upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    N/A

I, declare *(or certify, verify or state)* under penalty of perjury that the foregoing is true and correct.

Executed on  1-3-2001
                (date)

James E. Bethea
Signature of Petitioner

## CERTIFICATE

I certify that the Petitioner herein has the sum of $ .22 on account to his credit at the UNITED STATES PENITENTIARY, LEWISBURG PA institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said NONE institution

DATED 01/05/01

B Shelly
Authorized Officer of Institution

INMATE ACCOUNTS, USP LEWISBURG
Title of Officer

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

---

Name: BETHEA, James                              Institution: Baltimore CCM

Register Number: 04286-000                       DCDC No.: 202-084

---

In the case of the above named the following parole action was ordered:

Reopen and retard parole effective date of June 16, 2000 and schedule for a rescission hearing on the next available docket, following your return to the Bureau of Prisons.

The above decision is **NOT APPEALABLE**.

The purpose of a rescission hearing ordered by the U.S. Parole Commission is to decide whether a deferral of your parole date is warranted based on the charge(s) listed below. At your hearing, you may present documentary evidence (including written statements of witnesses) in mitigation of your misconduct.

**REASONS:**

Your release date is being retarded, pursuant to 28 C.F.R. 2.85 because on July 19, 2000 you were cited for use of cocaine on or about May 3, 2000.

cc:   Williette Copeland
      Parole Supervision Services
      D.C. Court Services and Offender Supervision
      300 Indiana Avenue N.W.
      Suite 2010
      Washington D.C. 20001

      Madie Berry
      Assistant Warden of Programs
      D.C.-Correctional Treatment Facility
      1901 E Street, S.E.
      Washington, D.C. 20003

---

Date: August 4, 2000                                                                  Clerk: MDD

BOP-Baltimore CCM                        Page 1 of 1                           BETHEA.042

# U.S. Judge Urges Probe Of Parole Commission

By BILL MILLER
*Washington Post Staff Writer*

A federal judge is asking the Justice Department to investigate and resolve "very serious problems" at the U.S. Parole Commission, saying he is deeply troubled by the commission's recent mass release of 118 D.C. convicts accused of parole violations.

U.S. District Judge Emmet G. Sullivan made the request after a spate of federal lawsuits involving a backlog of cases awaiting parole revocation hearings. The Parole Commission's regulations call for hearings to take place within 60 days of a person's arrest, but numerous people had been jailed for three months or longer.

Facing legal challenges from the D.C. Public Defender Service, the commission eased the backlog last month by releasing 118 people without hearings. Officials said those set free were accused of minor parole violations and posed little safety risk. But at least four have been rearrested after allegedly committing new crimes.

Sullivan did not specify how he wanted the Justice Department to act, but he scheduled a hearing for Jan. 16 to more fully explore the issue.

"I would be remiss in my responsibilities as a United States District Judge if I did not enlist the aid of the Department of Justice to investigate these very serious problems and to take whatever action is appropriate under the circumstances to correct the problems," Sullivan wrote in a seven-page opinion released Wednesday.

"The current situation is unacceptable," Sullivan wrote, saying he had concerns not only about safety but also about those being detained longer than necessary.

The Parole Commission, an arm of the Justice Department, assumed responsibility last August for 3,500 D.C. parolees who had been under the supervision of the now-defunct D.C. Parole Board. The expansion of duties took place as part of a long-planned transfer of key components of the District's criminal justice system to federal control.

Among other tasks, the commission took on the job of conducting revocation hearings for hundreds of people accused of violating the terms of their parole. Commission officials said they inherited a backlog of more than 200 such cases from the D.C. Parole Board and couldn't keep pace as the U.S. Marshals Service rounded up more and more suspects.

Those awaiting hearings included people charged with committing crimes while on parole or accused of failing to comply with the terms of their release. Some parolees were accused of missing meetings with their parole officers, failing drug tests, skipping drug treatment sessions or failing to find and maintain steady employment. Criminal justice specialists say that such troubles could signal more serious problems.

Tim Jones, the Parole Commission's chief of staff, said plans are in the works for the Justice Department to lend six staff members to help prepare cases for revocation hearings. Jones said that no more mass releases are looming and that the commission is steadily working through the backlog. The commission has held hearings and revoked parole for 71 people. Another 39 older cases are pending, he said.

"We don't see this as being some major inquisition that's going to occur," Jones said of the Justice Department's intervention. "We are a component of the Department of Justice and have been working with them for several months. There are no surprises."

Commission officials repeatedly had asked for 13 new positions and more money to handle the new workload. Congress didn't provide it. Complicating matters, the terms of two of the five commission members recently expired, and the Senate did not act on their replacements. That leaves three members to have the final say on recommendations made by hearing examiners who review evidence assembled for revocation cases.

Sullivan wrote that the commission and Public Defender Service agreed that the Justice Department's intervention is needed. The commission argued in court that it lacked the staff and resources necessary to address the problem on its own.

"This Court can appreciate the difficult task that the Parole Commission faces," Sullivan wrote. "One thing is clear, however. The solution to these problems is not simply to unduly or indefinitely detain people until the Parole Commission is able to afford them hearings. Such action would not be countenanced by the Commission's own regulations or the United States Constitution. Further, this would ... undermine the confidence the public and the parolees should have in these proceedings."

ATTACHMENT NUMBER ONE

On May 10,2000 , I received notification that I had been found to have given a positive Urine Test at the Halfway House I was residing at in Washington, D.C. . As a result of that finding I was immediately taken into custody that day. Initially, I was transported to the Prince William County, Regional Detention Center where I was housed until September 11,2000. Then I was transferred to The United States Federal Penitentiary at Lewisburg, Pennsylvania.

At the Lewisburg federal prison I received a Notice of Action dated August 4,2000. It stated that I was scheduled to have a Recission Hearing on the next available docket which was scheduled to meet in October of 2000. Unfortunately I didn't see them in October. Again in December 2000 when the parole board was suppose to convene in lewisburg, I was informed that all parole hearings were postponed until March of 2001.

The United States Parole Commission guidelines state that the time frame for and parolee who is arrested for a parole violation and scheduled for a recission hearing is within no more than 90 days after being taken into custody. In this case I have been in custody approximately 8(eight ) months. The staff at the United States federal prison have repeatedly been denying my request for some form of documentation pertaining to my parole status and issues of concern. Thats inclusive of the actual incident report for the Positive Urine test, the DHO report of the above incident report which is a flaggrant and wanton violation of Bureau Of Prison Policy. The staff here at

the federal prison have continued to state that my Central File is no at their Institution and its whereabouts are still unknown. If the staff over seeing my case at the United States federal prison at Lewisburg have no Incident report or DHO record of any sanctions or my file. Then it appears that I am being held in violation of my Due Process rights.

In the C.F.R. is specifically states that a violation for a postive urine test like in the instant case carries an sanction of 8(eight) months. As of January 10,2001 I will have been in federal custody pertaining to this positive Urine for a total of exactly **EIGHT MONTHS** .

The C.F.R also states that the Bureau Of prisons(Government) should not be desirous of keeping imprisoned a person beyond the time when all purposes of incarceration have been served. The parole commission is governed by procedural protections and Due process rights of the parolee in recission hearings. While the actual procedural safeguards afforded to an alleged violator are primised not solely upon due process. But rather on the provisions of the parole statutes, the needs of the ocassion and on the notion of fair play.

### DUE PROCESS SAFEGUARDS

**Since the Parole Commission's regulations limit to carefully defined situation, the Commissions positive authority to rescind a parole grant, and such regulatory structure justifies a parolee's expectation of future liberty so as to warrant due process procedural protections. Drayton v.McCall, C.A. Conn. (1978)584 F.2d 1208. Petitioner James Bethea has not been given his right to**

Due Process in the opportunity to have a revocation hearing or proceeding to explain the circumstances or to call witnesses on his behalf and confront adverse witnesses. And to refute or deny the violation of parole grant by Positive Urine test. Under Mack v. McCune. C.A. Kan. (1977) 551 F.2d 251. James E. Bethea has not been affored due process at all. He has been held in limbo for in excess of 8(eight) Month without the benefit of any type of parole hearing.

In keeping with the Supreme court case and decision Morrissey and Gagnon held that, The right to present witnesses, to confront the witnesses and cross examine those adverse witnesses, and if a petitioner claims innocence, the right to request and obtain counsel and be fully represented during all proceedings.

And Any clear violation of the parolee's due process rights with respect to recission of his parole requires expungement of record of all parole related rescission proceedings before the Bureau of Prisons and the Parole Commission. See, Green v. Nelson, D.C. Conn.(1977), 442 F. Supp. 1047.

Petitioner contends that the Parole Commission clearly has the wide latitude to render a variety of dispositional alternatives in a rescission hearing. But none of those alternative are such as to permit them to hold a prisoner in limbo for 8 months and beyond his release date or time frame for such a sanction. The petitioner in this matter wishes for the parole Commission to be ordered to withdraw its parole violation warrant and have this prisoner released. To detain James E. Bethea beyond his release date is outside of the pariole commisiions power and authority.

Parole Commission has abused its discretion and power in the detaining of Petitioner james E. Bethea for in excess of 8 Months without the benefit of a rescission hearing. Failure of the parole commission to comply with statutory procedural rights voids their discretion to revoke parole.

Petitioner James E. Bethea asserts that he has been in the actual and constructive custody of the Bureau of Prisons on the issuance of the violation warrant since May 10,2000 and said sentence has runn interrupted. Thus he should be given credit for all time since that date which is in excess of the 8 months a positive urine test carries. The refusal of the parole commisiion and the Bureau of prisons to rpovide a parole rescission hearing should not diminish time petitioner has done against his sentence.

Petitioner James E. Bethea now request the Honorable Court to release him on recognizance bond pending final parole revocation hearing and reinstatement of parole. Due to the statutory procedural violation of his due process rights. The petitioner now contends that he has made numerous written and verbal request to the staff of the bureau of prisons and parole commission to be afforded the right to a parole hearing and he has been denied. The continuation of the revocation proceedings was not warranted and occured through no fault of petitioner Bethea. The warrant was timely issues charging violation of terms of parole and the condidtions of release. But there was no allegation of the commission of a new crime. Therefore the Board was required to hold a prompt hearing of facts of the violation. Failure to hold a prompt

hearing has prejudiced the petitioner and he is entitled to an order of Unconditional release. The unreasonable delay in the granting of a hearing could be remedied by the holding of an emergency hearing by Board members and this would reneder the Petitioners Habeas Corpus proceeding moot. If the parole commission will hold a hearing in absentia and grant parole on this due process violation petitioner will be satisfied with an order for release Immediately.

Anything other than a grant of reinstatement of parole is illegal detainment of petitioner and he prays the Court will grant him this Habeas Corpus.

Respectfully Submitted

Mr. James E. Bethea
04286-000
Box 1000 A-unit
Lewisburg, Pa. 17837