DMB:KLM:slg:2001V00091



ORIGINAL

FILED
HARRISBURG, PA
MAR 2 8 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. BETHEA,                    :
        Petitioner           :    No. 1:CV-01-0079
                             :
        v.                   :    (Kane, J.)
                             :    (Blewitt, M.J.)
DONALD ROMINE,                      :
        Respondent           :

## RESPONSE TO HABEAS CORPUS PETITION

This is a habeas corpus petition brought by James E.
Bethea against Warden Donald Romine of the United States
Penitentiary, Lewisburg, ("USP Lewisburg") Pennsylvania. Bethea
alleges that the failure of the United States Parole Commission to
conduct a recission hearing deprived him of his due process rights.
Bethea also claims that he has not received a copy of the incident
report he received while at a Bureau of Prisons ("BOP") halfway
house. Bethea seeks an "order of unconditional release" or, in the
alternative, to "hold a hearing in absentia and grant parole."
Petition, at pg. 16.

Bethea filed his habeas petition on January 19, 2001.
This Court directed service of the petition on January 24, 2001.
On February 21, 2001, this Court granted respondent's motion for an
enlargement of time directing respondent to show cause on or before

March 30, 2001.  This response is now filed requesting that the habeas petition be denied as moot because Bethea has received a rescission hearing and has been provided a copy of the incident report he received at the halfway house.  Alternatively, the habeas petition should be denied due to Bethea's failure to exhaust BOP administrative remedies with regard to the incident report.

## I.  Statement of the Case

The petitioner, James E. Bethea, was sentenced by the District of Columbia Superior Court on March 17, 1986 to a 12 year term of imprisonment for robbery.  On April 15, 1991, the court imposed a consecutive 90-months sentence for second degree burglary.  (R. 3-4.)[1]

Bethea became eligible for parole on February 16, 1993. (R. 7.)  By notice of board order dated February 18, 1993, the D.C. Board of parole denied parole, and ordered reconsideration by February 16, 1994.  (R. 8.)

On March 16, 1994, by notice of board order the D.C. Board ordered denial of parole and ordered reconsideration by February 16, 1998.  (R. 9.)  The Board's reasons for its decision included that Bethea had "repeated failures under parole supervision", that he "had the opportunity, but made little or no effort towards rehabilitation or preparation for remaining crime-

---

[1] "R." refers to Respondent's Record in Support Its Response to Response to Habeas Corpus Petition.

2

free if released to the community," and that Bethea "needs program and/or rehabilitation services to minimize risk to the community when actually released to parole". (R. 10.)

Bethea was subsequently transferred to the jurisdiction of the United States Parole Commission ("Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998). The Commission conducted a rehearing for Bethea on February 10, 1998. (R. 11-13.) The Commission denied Bethea parole and ordered a review hearing in August 1999. The Commission's reason for this decision was Bethea's failure to maintain good institutional conduct--as evidenced with having received 13 disciplinary hearing officer-level institutional infractions since being incarcerated in federal prison. (R. 14.)

After a rehearing in 1999, the Commission ordered that Bethea be paroled effective on February 18, 2000. (R. 15.) That date was later retarded by 119 days to a parole effective date of June 16, 2000, with Bethea to be placed in a community corrections center ("halfway house") prior to parole. (R. 16.)

Prior to the parole effective date, however, Bethea was charged with having used cocaine in the halfway house in violation of the rules of the facility. The Commission reopened Bethea's case and retarded his parole effective date. The Commission also

ordered the case scheduled for a rescission hearing on the next available docket following Bethea's return to the Bureau of Prisons. (R. 17.)

On March 8, 2001, the Commission conducted Bethea's rescission hearing. (R. 18-19.) The Commission ordered parole effective June 8, 2001. (R. 20.) The Commission's reason for a decision 4 months above the rescission guideline range of 0-8 months was "After review of all relevant factors and information presented, a decision above the guidelines appears warranted because the following circumstances are present: You had already served beyond the top of the rescission guidelines at the time of your hearing and additional time is necessary for release planning purposes." (R. 20.)

As to the incident report Bethea had received at the BOP halfway house, Bethea never attempted to file an administrative remedy regarding his complaint that he did not have a copy of an incident report. However, when Bethea's complaint was brought to the attention of employees at USP Lewisburg by way of Bethea's Petition for Writ of Habeas Corpus, Bethea was provided with a copy of the incident report packet on February 8, 2001. (R. 1-2.)

## II.   Questions Presented

1.    Should Bethea's habeas petition be dismissed as moot because the United States Parole Commission has conducted Bethea's rescission hearing?

2.    Should Bethea's habeas petition be dismissed because Bethea has not exhausted BOP administrative remedies? Alternatively, should Bethea's claim be dismissed as moot because the Bureau of Prisons has provided Bethea a copy of the incident report he received at the halfway house?

## III.   Argument

**BETHEA'S HABEAS PETITION SHOULD BE DISMISSED AS MOOT BECAUSE THE UNITED STATES PAROLE COMMISSION HAS CONDUCTED BETHEA'S RESCISSION HEARING AND BETHEA HAS NOT EXHAUSTED HIS BOP ADMINISTRATIVE REMEDIES, OR ALTERNATIVELY, THE CLAIM IS MOOT BECAUSE BOP HAS PROVIDED BETHEA WITH A COPY OF THE INCIDENT REPORT HE RECEIVED AT THE HALFWAY HOUSE.**

### A.   Bethea's Claim That He Has Not Received A Rescission Hearing Is Moot.

Betha alleges that his due process rights are being denied because he has not received a rescission hearing.   On March 8, 2001, Bethea received a rescission hearing.   (R. 18-19.) As such, Bethea's claim that he had not received a hearing should be dismissed as moot.   See generally, Garafola v. Wilkinson, 721 F.2d 420, 422 n.1 (3d Cir. 1983);   United States ex rel. Graham v. U.S. Parole Commission, 732 F.2d 849, 850 (11th Cir. 1984).

5

**B.    Bethea Has Not Exhausted BOP Administrative Remedies
Alternatively, Bethea's Claim That He Has Not Been Provided A
Copy of An Incident Report is Moot.**

Bethea claims that he was not provided a copy of an incident report that he received while in a halfway house. Before a prisoner can bring a habeas petition under 28 U.S.C. §2241, he must exhaust his administrative remedies. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3rd Cir. 1981)(per curiam). The exhaustion doctrine has been developed to facilitate judicial review by allowing the appropriate agency to develop a factual record and apply its expertise, to conserve judicial resources, and to allow the defendant agency the first opportunity to correct its own errors. Moscato, 98 F.3d at 761-62. If a prisoner does not exhaust available administrative remedies, the habeas petition should be dismissed. Arias v. United States Parole Commission, 648 F.2d 196, 199 (3rd Cir. 1981). See also Moscato, 98 F.3d at 761-62 (judicial review of habeas petition barred where inmate had procedurally defaulted on his administrative remedies).

The Bureau of Prisons has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem. This process

6

normally involves the filing of a request for administrative relief (BP-9) to the Warden of the institution where the inmate is confined.    In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director.    Challenges to DHO actions may be appealed directly to the Regional Office, by-passing the institution level.    The final step in the administrative remedy process is an appeal to the General Counsel (BP-11).    See 28 C.F.R. Part 542, subpart B.    A decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office.    See 28 C.F.R. 542.15.

In this case, the declaration of L. Cunningham, R. 1-2, establishes that Bethea has not exhausted his administrative remedies.    Accordingly, the habeas petition should be dismissed due to Bethea's failure to exhaust his available administrative remedies.

Alternatively, Bethea's claim regarding the incident report should be dismissed as moot.    Upon receiving notice that Bethea was seeking a copy of the incident report, the document was located and delivered to Bethea.

## IV.  <u>Conclusion</u>

For the above-stated reasons, Bethea's habeas petition should be denied.

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754

Date: March 28, 2001

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. BETHEA, | : | |
| Petitioner | : | No. 1:CV-01-0079 |
| | : | |
| v. | : | (Kane, J.) |
| | : | (Blewitt, M.J.) |
| DONALD ROMINE, | : | |
| Respondent | : | |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 28, 2001, she served a copy of the attached

### RESPONSE TO HABEAS CORPUS PETITION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

James E. Bethea
Reg. No. 04286-000
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

*Shelley L. Grant*

SHELLEY L. GRANT
Paralegal Specialist