# ORIGINAL

FILED
HARRISBURG, PA

MAR 2 8 2001

Per MARY E. D'ANDREA, CLERK

Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. BETHEA,                    :
                Petitioner          :    No. 1:CV-01-0079
                                    :
            v.                      :    (Kane, J.)
                                    :    (Blewitt, M.J.)
DONALD ROMINE,                      :
                Respondent          :

RESPONDENT'S RECORD IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: March 28, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

James Bethea,                                )
    Petitioner                        )
                           )       1:CV-01-0079
                           )
v.                                           )
                           )
D. Romine,                                   )
    Respondent                        )
                           )

## DECLARATION OF L. CUNNINGHAM

I, L. Cunningham, hereby state:

1.    I am currently employed by the Federal Bureau of Prisons as the Supervisory Attorney at the United States Penitentiary (USP) at Lewisburg, Pennsylvania. As part of my duties, I have access to Bureau of Prisons SENTRY records and inmate central files. I am familiar with the issues inmate Bethea, Reg. No. 04286-000. raises in the above referenced Petition for Habeas Corpus. Specifically, inmate Bethea complains that the U.S. Parole Commission has failed to provide him with a recission hearing in regard to a disciplinary incident report he received while at a halfway house. Inmate Bethea also claims that he was unable to get a copy of the incident report from the Bureau of Prisons.

2.    The Bureau of Prisons has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem. This process normally involves the filing of a request for administrative relief (BP-9) to the Warden of the institution where the inmate is confined. In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director. The final step in the administrative remedy process is an appeal to the General Counsel (BP-11). See 28 C.F.R. Part 542, subpart B. A decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office. 28 C.F.R. 542.15.

3.    Inmate Bethea never attempted to file any administrative remedy with regard to his complaint about getting a copy of the incident report at issue. However,

R. 1

when it was brought to staff's attention by way of this Petition for Writ of Habeas Corpus, the inmate was given a copy of the incident report packet on February 8, 2001.

I hereby state under penalty of perjury pursuant 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

_L. Cunningham_ _____     __2/8/2001__

L. Cunningham                 Date
Attorney Advisor

```
   PAR1H  540.23 *              SENTENCE MONITORING              *    03-26-2001
PAGE 001           *      ●     COMPUTATION DATA      ●          *    14:05:13
                                  AS OF 03-26-2001
```

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


FBI NO..........: 797197K2              DATE OF BIRTH: 09-20-1955
ARS1............: LEW/A-DES
UNIT............: UNIT 1                 QUARTERS.....: A03-301L
DETAINERS.......: NO                     NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-15-2001 VIA MAND REL




G0002       MORE PAGES TO FOLLOW . . .

```
   PAR1H  540.23 *              SENTENCE MONITORING              *    03-26-2001
PAGE 002           *              COMPUTATION DATA               *    14:05:13
                                  AS OF 03-26-2001
```

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


--------------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-3827-85B/F-391-83C
JUDGE...........................: UGAST
DATE SENTENCED/PROBATION IMPOSED: 03-17-1986
DATE PROBATION REVOKED..........: 03-26-1991
TYPE OF PROBATION REVOKED.......: REG
DATE WARRANT ISSUED.............: 03-26-1991
DATE WARRANT EXECUTED...........: 03-28-1991
DATE COMMITTED..................: 04-06-1995
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

G0002       MORE PAGES TO FOLLOW . . .

R. 3

```
  PAR1H  540.23 *                SENTENCE MONITORING              *      03-26-2001
PAGE 003          *                COMPUTATION DATA               *      14:05:13
                                   AS OF 03-26-2001
```

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


|                    | FELONY ASSESS | MISDMNR ASSESS | FINES   | COSTS   |
|--------------------|---------------|----------------|---------|---------|
| NON-COMMITTED.:    | $20.00        | $00.00         | $00.00  | $00.00  |

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  644
OFF/CHG: ROBBERY - 22 DCC 2901

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    12 YEARS
  NEW SENTENCE IMPOSED...........:     8 YEARS      11 DAYS


G0002      MORE PAGES TO FOLLOW . . .


```
  PAR1H  540.23 *                SENTENCE MONITORING              *      03-26-2001
PAGE 004          *                COMPUTATION DATA               *      14:05:13
                                   AS OF 03-26-2001
```

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONSECUTIVE TO 020
  DATE OF OFFENSE................: 05-24-1985

-----------------------CURRENT JUDGMENT/WARRANT NO: 020 -------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F-1261-91B
JUDGE..........................: RICHTER
DATE SENTENCED/PROBATION IMPOSED: 04-15-1991
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 04-06-1995

G0002      MORE PAGES TO FOLLOW . . .

R. 4

Case 1:01-cv-00079-YK   Document 9   Filed 03/28/2001   Page 8 of 23

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  605
OFF/CHG: SECOND DEGREE BURGLARY - 22 DCC 1801(B)

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    90 MONTHS


G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

 MINIMUM TERM...................:    30 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE TO 010
 DATE OF OFFENSE................: 02-05-1991

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-03-2000 AT LEW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010

DATE COMPUTATION BEGAN..........: 03-28-1991
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50

G0002      MORE PAGES TO FOLLOW . . .

PAR1H  540.23 *                SENTENCE MONITORING           *      03-26-2001
PAGE 007        *               COMPUTATION DATA             *      14:05:13
                                 AS OF 03-26-2001

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


TOTAL TERM IN EFFECT............:      15 YEARS       6 MONTHS      11 DAYS
TOTAL TERM IN EFFECT CONVERTED..:      15 YEARS       6 MONTHS      11 DAYS
AGGREGATED MINIMUM TERM.........:      30 MONTHS


JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                      02-05-1991    03-27-1991


TOTAL JAIL CREDIT TIME..........: 51
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1863
PAROLE ELIGIBILITY..............: 02-08-1993
STATUTORY RELEASE DATE..........: 07-12-2001
TWO THIRDS DATE.................: N/A


G0002        MORE PAGES TO FOLLOW . . .


PAR1H  540.23 *                SENTENCE MONITORING           *      03-26-2001
PAGE 008 OF 008 *               COMPUTATION DATA             *      14:05:13
                                 AS OF 03-26-2001

REGNO..: 04286-000 NAME: BETHEA, JAMES E
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


180 DAY DATE....................: 02-19-2006
EXPIRATION FULL TERM DATE.......: 08-18-2006

NEXT PAROLE HEARING DATE........: 12-00-2000
TYPE OF HEARING.................: RESCISSION

PROJECTED SATISFACTION DATE.....: 10-15-2001
PROJECTED SATISFACTION METHOD...: MAND REL

REMARKS.......: SENTENCE COMPUTATION PROVIDED BY THE D. C. DEPARTMENT OF
                CORRECTIONS. THE 180-DAY DATE DOES NOT APPLY TO THIS
                SENTENCE. NOTICE OF ACTION DATED 08-04-00: REOPEN AND
                RETARD PAROLE EFFECTIVE DATE OF 06-16-00 AND SCHEDULE FOR
                A RESCISSION HEARING ON THE NEXT AVAILABLE DOCKET.

S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

R. 6



## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 2

Date Prepared
3/26/92
(Mo., Da., Yr.)

| DCDC Number | 202084 | Name (Last, First, Middle) BETHEA, JAMES | Race B | Sex M |
|---|---|---|---|---|

| Height | Weight | Build | Eyes | Hair | Age | Birth Date 9/20/55 | Place of Birth MD. |
|---|---|---|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Offense | P.V.(ROB(2cts) | BURG 2 | |
| Case Number | F-3827-85B F-391-83C | F-1261-91B | |
| Sentence (Yrs., Mos., Days) | OWES 7yrs 14 das | 30/90 mos(cons) | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 3/28/91 | 4/15/91 | |
| Full Term Date (Mo., Da., Yr.) | | 8/21/2005 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | ~~11/12/2000~~ 11-3-2000 en | |
| Parole Eligibility Date (Mo., Da., Yr.) | | ~~2/25/93~~ 2-16-93 en | |
| Mas. Supervision Date (Mo., Da., Yr.) | | NA | |
| Statutory Good Time Rate / Month | | 180/ 1744 | |
| Plea | | G | |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By: | | CAS | |

| DETAINERS | | | CONDUCT CREDITS | | | |
|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits / Forfeit | Restore | Balance |
| | | | 11-17-92, 17 day Plot en | | | |
| | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | RECOMMENDED UNFOLDMENT PROGRAM |
| STREET TIME 3/29/90 | 3/25/91  362 das | AGGREGATE UNDER OM92-2(3/11/92) |
| JAIL CREDIT 2/5/91 | 3/27/91  51 das | |

YELLOW COPY TO ADP

R. 7

 

# The Board of Parole
## of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 202-084      **NAME** JAMES E BETHEA

**DOB**   09/20/1955      **SSN** 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      **LOCATION** COMPLEX

**DOCKET** H9302-0041      **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

     DENY PAROLE; RECONSIDER FOR PAROLE BY 02/16/1994

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

     PROGRAM PARTICIPATION
     NO NEW DISCP. REPORTS

Remarks:

02/18/1993
Date

2-24-93

Seal

NOA Date 2/24/93   by *B White*

*Epias Athyman*-4
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

R. 8




# The Board of Parole
## of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 202-084      **NAME** JAMES E BETHEA

**DOB** 09/20/1955      **SSN** 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      **LOCATION** COMPLEX

**DOCKET** H9403-0014      **CONSIDERATION TYPE** H:RECONSIDERAT

The District of Columbia Board of Parole issues the following **ORDER:**

DENY PAROLE; RECONSIDER FOR PAROLE BY 02/16/1998

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMPLETE VOC TRAINING
PSYCHOLOGICAL COUNSELING
COMPLETE ADULT BASIC ED
COMPLETE SUBS. ABUSE PROG

Remarks:

03/16/1994
_____
Date

Chairman
on behalf of the Board of Parole

A TRUE COPY
TEST Seal

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Parole Supervision ]



GOVERNMENT OF THE DISTRICT OF COLUMBIA
# BOARD OF PAROLE
717-14TH STREET N.W. SUITE 300
WASHINGTON D.C. 20005

**ADDENDUM TO BOARD ORDER DATED** _3/16/94_

RE: _James Bethea_  DCDC# _202-084_

The Board of Parole has determined that the Parole Guidelines recommendation to grant parole in the above-referenced case is not appropriate due to the countervailing factor(s) checked below. The set-off is also outside of the guidelines for the same countervailing factors checked below.

___✓___ **50** **The offender has had repeated failures under parole supervision.**

_____ **51** **The instant offense(s) involve(s) on-going criminal behavior.**

_____ **52** **The offender has a lengthy history of criminally-related alcohol abuse.**

_____ **53** **The offender has a history of repetitive, sophisticated criminal behavior.**

_____ **54** **The offender has an unusually extensive or serious prior record, including at least five felony convictions.**

_____ **55** **The instant offense(s) involve(s) unusual cruelty to victim(s).**

_____ **56** **The offender has engaged in repeated or extremely serious negative institutional behavior.**

_____ **57** **The offender has a lengthy history of criminally-related substance abuse.**

___✓___ **58** **The offender had the opportunity, but made little or no effort toward rehabilitation or preparation for remaining crime-free if released to the community.**

___✓___ **59** **The offender needs program and/or rehabilitation services to minimize risk to the community when actually released to parole.**

SEAL

_Erias A. Hyman_
Erias A. Hyman, Chairman
on behalf of the Board of Parole

CV-2

R. 10

 

## SIH/REVIEW HEARING SUMMARY

| | | | |
|---|---|---|---|
| **Hearing Type:** . . | DC REHEARING | **2/3 or MR Date:** . . . . . | 10/16/2000 |
| **Name:** . . . . . . . . | Bethea, James | **Projected MR Date:** . . | 10/16/2000 |
| **Reg No:** . . . . . . . | 04286-000 | **Full Term Date:** . . . . . | 8/21/2005 |
| **Hearing Date:** . . . | 2/10/98 | **Months in Custody:** . . | 84 |
| **Institution:** . . . . . | Atlanta USP | **As Of:** . . . | 2/10/98 |
| **Examiner:** . . . . . . | Beale, Dorothy A. | | |

**Recommended Release**  Rehearing 8/99  **After service of**  102 **Months**

---

### I.    Previous Commission Action:

See Pre-hearing Assessment dated 2/4/98.

### II.    Codefendants:

N/A.

### III.    Institutional Adjustment And Release Plans:

See Pre-hearing Assessment dated 2/4/98.  At today's hearing the subject confirmed the release plans as indicated under this section.  However, the subject stated that upon release he plans to reside with his common-law wife in the NW section of DC and he will secure employment.

### IV.    Fines, Restitution, Court Assessment:

Subject has $85 outstanding fine received as part of a DHO sanction.  However it has not been paid.  At today's hearing, the subject stated that it was his understanding that when he received an infraction he was sanctioned $85 restitution or a 730 day restriction on his visiting privileges.  The subject stated that because the latter sanction was imposed he was under the understanding that he did not have to pay the $85.  However, this examiner's review of the infraction indicates that the subject received the sanction of an $85 restitution and a 730 day visiting restriction.  Therefore, the examiner believes that he is obligated to pay this money. The subject indicated that he will pay this restitution if it is requested of him.

### V.    Representative:

None.

BETHEA.042                                                                                       Page 1 of 3

 

## VI.  Risk:

Subject is not a more serious risk.  However, due to his poor adjustment in numerous DHO infractions received since being incarcerated he is viewed as a poor risk.

## VII.  Evaluation:

This is a DC Case wherein DC procedures apply.  Subject has been incarcerated 84 months. His overall adjustment is best described as unsatisfactory.  Since being in federal custody the subject has received 13 DHO level infractions for various misconducts involving the destroying of/altering or damaging property valued at $100, being unsanitary and insolent toward staff members as well as assaulting any person (minor assault).  The subject admitted these infractions and stated that he committed them because he was not use to being in a structured environment.  The subject also attributes his inability to maintain clear conduct in the federal system to the fact that he was not use to "being around white staff".  The subject stated that while he was at Lorton he received a shot for receiving a ult which tested positive for Cocaine use and being insolent toward staff members.  However, the subject stated that he did not receive numerous shots partly due to the "max" environment at Lortons.  The subject stated that in essence his incarceration at the Lorton's complex was more like being in "community, i.e. SE DC."

As indicated previously this is a DC Adult Case where DC procedures apply.  Points carried over from subject's previous hearing conducted by DC parole numbers is 3.  Since being incarcerated the subject has had negative institutional behavior which requires and additional point to be added for total score of 4.  During the pre-assessment the examiner did not award subject a minus point for program achievement.  However, after conducting the hearing the examiner is subtracting a point because the subject has completed programming since being incarcerated.  While at Lorton the subject completed a 40 hour substance abuse program in 1994 and 1995 and a computer type setting vocational training program.  However, the subject stated that since he has been in federal custody he has not completed any vocational training because there is none.  Subject's case manager confirmed that there is no vocational programming available.  In regards to the subject completing psychological counseling, the subject stated that he has not been able to do so because although there is a notice that psychological counseling is available no starting date has been established.  Subject indicates that when there is an opening he will apply.

The primary issue at today's hearing as to whether or not the subject should be paroled.  In light of the subject's receipt of numerous DHO level infractions which shows a total disrespect for following the rules of a prison setting the examiner is not recommending a parole date at this time.  However, the examiner is recommending a rehearing in 18 months.  Subject was advised that at this time he will be reconsidered for possible parole contingent upon subject having a clear conduct record.  Although subject acknowledged that he needed to maintain clear conduct he was visibly upset because he received an 18 month rehearing date.  The subject indicated that he is not optimistic that he will receive a release date because his rehearing will

BETHEA.042                                                    Page 2 of 3

R. 12



occur approximately 10 months prior to his MR date of 10/16/2000.

**VIII. Recommendation:**

Deny parole.  Continue for a rehearing in 8/99.


PAH
February 20, 199

**U.S. Department of Justice**           **Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: BETHEA, James E.             DCDC Number: 202-084

Register Number: 04286-000          Institution: Atlanta USP

In the case of the above-named, the following parole action was ordered:

Deny Parole.  Continue for a Review Hearing in August 1999.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS**:

You have a score of 3 points under the District of Columbia parole guidelines.  Those guidelines indicate that parole should be granted at this time.  However, a departure from the guidelines at this consideration is found to be warranted because you have failed to maintain a good institutional report since being incarcerated in federal prison having received 13 DHO level infractions.

fc:        U.S. Probation Officer
         District of Columbia
         3rd & Constitution Avenue, N.W.
         U.S. Courthouse, Room 2800
         Washington, D.C.  20001-2866

---

Date: March 7, 1998                  Clerk: dlw

R. 14

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201



**Notice of Action**

Name: BETHEA, James E.

Register Number: 04286-000                    Institution: Atlanta USP

In the case of the above-named, the following parole action was ordered:

Parole effective on 02-18-2000 with placement in a community corrections center for up to 120 days prior
to the parole date.  You shall be subject to the Special Drug Aftercare Condition which requires that you
participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by
the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include
testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from
the use of alcohol and/or all other intoxicants during and after the course of treatment.


THE ABOVE DECISION IS NOT APPEALABLE.

<u>REASONS</u>:

You have a score of 3 point(s) under the District of Columbia parole guidelines.  Those guidelines indicate
that parole should be granted at this time. After review of all factors and information presented, a departure
from the guidelines at this consideration is not found to be warranted.


cc:        U.S. Probation Office
           District of Columbia
           3rd & Constitution Avenue, N.W.
           U.S. Courthouse, Room 2800
           Washington, D.C. 20001-2866


**Date: October 7, 1999**                                    Clerk: frm



**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: BETHEA, James E.                    Institution: Shaw Residence II

Register Number: 04286-000        DCDC Number: 00202+084

---

In the case of the above named the following parole action was ordered:

Reopen and retard parole effective date of February 18, 2000 by 119 days and parole effective June 16, 2000. It is recommended that the prisoner be placed in a program of the CCC prior to release.

**With the special condition(s) as indicated below :**

You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the Parole Supervision Services Division for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

The decision to retard the parole effective date and the special condition(s) are not appealable.

REASONS:

Your release date is being retarded for release planning pursuant to 28 C.F.R. 2.82.

cc:     Elias Kibler, Director
        Parole Supervision Services
        D.C. Court Services and Offender Supervision
        300 Indiana Avenue N.W.
        Suite 2132
        Washington D.C. 20001

---

Date: February 25, 2000                                    Clerk: VAH

R. 16

 

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: BETHEA, James

Institution: Baltimore CCM

Register Number: 04286-000

DCDC No.: 202-084

In the case of the above named the following parole action was ordered:

Reopen and retard parole effective date of June 16, 2000 and schedule for a rescission hearing on the next available docket, following your return to the Bureau of Prisons.

The above decision is **NOT APPEALABLE.**

The purpose of a rescission hearing ordered by the U.S. Parole Commission is to decide whether a deferral of your parole date is warranted based on the charge(s) listed below. At your hearing, you may present documentary evidence (including written statements of witnesses) in mitigation of your misconduct.

**REASONS:**

Your release date is being retarded, pursuant to 28 C.F.R. 2.85 because on July 19, 2000 you were cited for use of cocaine on or about May 3, 2000.

cc:     Williette Copeland
        Parole Supervision Services
        D.C. Court Services and Offender Supervision
        300 Indiana Avenue N.W.
        Suite 2010
        Washington D.C. 20001

        Madie Berry
        Assistant Warden of Programs
        D.C.-Correctional Treatment Facility
        1901 E Street, S.E.
        Washington, D.C. 20003

Date: August 4, 2000

Clerk: MDD

**BOP-Baltimore CCM**

Page 1 of 1

BETHEA.042

R. 17

<SUMCODE-RESC_SUM>

## RESCISSION HEARING SUMMARY

**Offense of Conviction -**

| | |
|---|---|
| **Name** . . . . . . . . . :BETHEA, James | **Short Term Date** . . . . : |
| **Reg No** . . . . . . . . :04286-000 | **Projected MR Date** . . : |
| **Hearing Date** . . . . :3/8/2001 | **Full Term Date** . . . . . :8/18/2006 |
| **Institution** . . . . . . :Lewisburg USP | **Months In Custody** . . :Unknown |
| **Examiner** . . . . . . . :Joseph M. Pacholski | **As Of** . . . : |

**Recommended Release** 7/21/2001

---

**I.   Previous Commission Action:**

See the Pre-Hearing Assessment dated 2/17/2001.

**II.   Misconduct Details:**

**A.   Official Version:**

The subject had a hearing regarding the Use of Narcotics on 5/10/2000.  The subject was found to have his urine specimen tested positive for Cocaine.  The evidence is the Pharm Chem Lab report dated 5/10/2000.

The subject was found guilty by the DHO.

**B.   Inmate's Comments:**

The subject admitted to this offense.

**III.   Representative:**

None

**IV.   Findings Of Fact:**

The panel finds subject has committed the following violations:

(1)   You tested positive for the use of Cocaine on 5/10/2000.
Basis:  DHO finding dated 7/19/2000.

BETHEA.428

## V.    Evaluation:

This examiner called Chevy Chase, Maryland for clarification on a possible release date
for an individual who has been over his guidelines by a considerable amount of time in
that his guideline range would be 0-8 months and it should be added to his parole
effective date that was 6/16/2000.  The subject's guideline range would be if given 8
months would be 2/16/2001.  This examiner would note that the subject's statutory
release date is 7/12/2001.  This examiner was unable to determine if the subject would
be able to be released prior to his statutory release date.  This examiner talked to Sam
Shoquist who provided guidance in that the parole effective date could be set 90 days
from the actual date of the hearing.  This examiner would further note that the subject
has open law suits against the US Parole Commission for not conducting a hearing in a
timely manner.  This examiner is recommending a 6/8/2001 date.

## VI.    Risk:

The subject does not appear to be a more serious or a poorer risk then indicated by his
point score.

## VII.    Fines, Restitution, Court Assessment:

None

## VIII.    Recommendation:

(1)    Parole effective 6/8/2001.

## IX.    Reasons For Continuance:

A decision above the guidelines is being made in this case for release planning.

Note: To Second Reviewer:

The subject indicated that his statutory release date was 7/12/2001.  The prison staff at USP
Lewisburg confirmed this date.  This examiner would further note that because the subject did
bring up the cases of Morrisey - Bruer and his law suit against the US Parole Commission that
information regarding a case of this nature should be discussed with this examiner in order to
get a better understanding of our procedures regarding timely manner.  This examiner was
initially going to continue to expiration.  However, at the hearing there were a number of
dates that were given for an MR date and only after it was finally discussed was an actual date
able to be obtained which is 7/12/2001.

GTT
March 20, 2001

BETHEA.428

**U.S. Department of Justice**   **Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: BETHEA, James Edward                    DCDC Number: 202-084

Register Number: 04286-000                    Institution: Lewisburg USP

---

In the case of the above-named, the following parole action was ordered:

Rescind parole effective date (6-16-2000). Parole effective on 6-08-2001. You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

The above decision requires the additional service of 12 months.

## FINDINGS OF FACT:

The Commission finds that you have committed the following violations:

Charge No. 1 - You tested positive for cocaine on 5-10-2000.
Basis: DHO findings dated 7-19-2000.

## REASONS:

You have committed rescission behavior classified as administrative. Guidelines established by the Commission indicate a range of 0-8 months per drug-related infraction. You have committed 1 drug-related infraction. Your rescission guideline range is 0-8 months to be added to your original parole effective date (6-16-2000). After review of all relevant factors and information presented, a decision above the guidelines appears warranted because the following circumstances are present: You had already served beyond the top of the rescission guideline range at the time of your hearing and additional time is necessary for release planning purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your U.S. Probation Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Williette Copeland
       Supervisory Community Supervision Officer
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2134
       Washington, D.C. 20001

---

Date: March 26, 2001                              Clerk: dlw

## CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **James E. Bethea,** Register Number **04286-000,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 26th day of March, 2001, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Attorney
U.S. Parole Commission



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. BETHEA,          :
        Petitioner       :    No. 1:CV-01-0079
                         :
        v.               :    (Kane, J.)
                         :    (Blewitt, M.J.)
DONALD ROMINE,            :
        Respondent       :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 28, 2001, she served a copy of the attached

**RESPONDENT'S RECORD IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

James E. Bethea
Reg. No. 04286-000
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

SHELLEY L. GRANT
Paralegal Specialist