MCC:KLM:slg:2001V0009 ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. BETHEA,                :
          Petitioner            :   No. 1:CV-01-0079
                                :
     v.                         :   (Kane, J.)
                                :   (Blewitt, M.J.)
DONALD ROMINE,                  :
          Respondent            :

FILED
HARRISBURG
MAY 16 2001
MARY E. D'ANDREA, CLE
Per _____ / DEPUTY CLERK

RESPONSE TO SHOW CAUSE ORDER

This is a habeas matter brought under 28 U.S.C. §2241, by James E. Bethea, an inmate incarcerated at the United States Penitentiary, Lewisburg. Bethea alleged that the failure of the United States Parole Commission ("Commission") to conduct a rescission hearing deprived him of his due process rights. Bethea also claimed that he had not received a copy of the incident report he received while at a Bureau of Prisons ("BOP") halfway house. Bethea seeks an "order of unconditional release" or, in the alternative, to "hold a hearing in absentia and grant parole." Petition, at pg. 16.

On March 28, 2001, respondent opposed Bethea's petition arguing that the habeas petition be denied as moot because Bethea had received a rescission hearing and had been provided a copy of the incident report he received at the halfway house.

Alternatively, respondent argued that the habeas petition should be denied due to Bethea's failure to exhaust BOP administrative remedies with regard to the incident report.

On May 2, 2001, Magistrate Judge Blewitt ordered respondent to show cause within ten (10) days why Bethea should not be immediately released based upon language in the Notice of Action which indicated that Bethea had already served beyond the top of the rescission guideline range at the time of his rescission hearing before the Commission. The following is respondent's response to the show cause Order.

## I. Supplemental Facts

The BOP recently recomputed Bethea's sentence (forfeited good time was restored), and he is now scheduled for "mandatory parole" (the District of Columbia term for what is referred to as mandatory release under the federal law). Bethea will be released on May 18, 2001, to remain under parole supervision until August 18, 2006. (Exhibit A.) Because the mandatory parole date will occur before the parole effective date ordered by the Commission, Bethea will be released on that date, rather than on the parole date ordered by the Commission.

## II. Question Presented

Should Bethea remain in custody as the United States Parole Commission is the sole authority to order the release on parole of a federal prisoner?

## III. Argument

**BETHEA SHOULD REMAIN IN CUSTODY AS THE UNITED STATES PAROLE COMMISSION IS THE SOLE AUTHORITY TO ORDER THE RELEASE ON PAROLE OF A FEDERAL PRISONER.**

Bethea should remain in custody two reasons; first, the sole authority to order the release on parole of a federal prisoner is vested in the United States Parole Commission. As the Second Circuit noted in <u>Billiteri v. U.S. Board of Parole</u>, 541 F.2d 938, 944 (2d Cir. 1976):

> As a statutory court, the United States District Court had no power to conduct such a proceeding [a parole hearing] and issue such an order [granting parole]. Congress has vested in the sound discretion of the Parole Board the sole power to grant or deny parole.

<u>Accord</u>, <u>Zannino v. Arnold</u>, 531 F.2d 687, 691 (3d Cir. 1976)("The district court may not substitute its judgment for that of the [Parole] Board, and therefore, the scope of its review is very limited.").

The Commission's regulations require that a person have a suitable release plan in place prior to any release on parole. The regulation provides that "[a] grant of parole is conditioned upon the approval of release plans by the Regional Commissioner." 28 C.F.R. §2.33(a). Bethea did not have a parole plan in place at the time of his rescission hearing and could not be released

3

without one. Furthermore, the Commission's statute expressly permits a decision outside the guideline range for "good cause", 18 U.S.C. §4206(c), and the Commission did not abuse its discretion in finding that the absence of a required release plan constitutes good cause for a decision above the guidelines.

Second, Bethea will be released as a matter of law on May 18, 2001, two days from this filing. Upon his release, the petition will be moot.

## IV. Conclusion

For the above-stated reasons, Bethea should remain in custody and his habeas petition should be denied.

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
717-221-4482

Date: May 16, 2001

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. BETHEA,             :
          Petitioner         :  No. 1:CV-01-0079
                             :
       v.                    :  (Kane, J.)
                             :  (Blewitt, M.J.)
DONALD ROMINE,               :
          Respondent         :

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 16, 2001, she served a copy of the attached

RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

James E. Bethea
Reg. No. 04286-000
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

_____
SHELLEY L. GRANT
Paralegal Specialist